IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CRISTIAN CHISTONI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-00315 (GBL/JFA) |
| | ) |
| HSBC BANK USA, N.A. AS TRUSTEE | ) |
| FOR WELSS FARGO ASSET SECURITIES | ) |
| CORPORATION MORTGAGE PASS- | ) |
| THROUGH SERIES 2006-11, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant Samuel I. White, P.C.'s ("SIWPC") Motion to Dismiss (Dkt. No. 9) and Defendant HSBC Bank USA, N.A. as Trustee for Wells Fargo Asset Securities Corporation Mortgage Pass-Through Certificates Series 2006-11's ("HSBC") Motion to Dismiss (Dkt. No. 3). This case concerns *pro se* Plaintiff Cristian Chistoni's claims against Defendants seeking monetary damages, seeking declaratory and injunctive relief, challenging Defendants' authority to foreclose on the property at issue, and alleging that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

The key issue is whether, under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's Complaint fails to state a claim upon which relief can be granted, where the Complaint seeks injunctive relief and asserts the following twelve counts: (I) declaratory judgment, (II) civil conspiracy, (III) negligence versus SIWPC, (IV) illegal substitution of trustee, (V) failure to

provide proof of standing to collect, (VI–XI) violations of the FDCPA, and (XII) fraud.[1] The Court grants Defendants' Motions to Dismiss Plaintiff's Complaint because the conclusory allegations concerning nine of the claims fail to satisfy the pleading standard, two of counts allege claims that are not cognizable claims, and the allegations concerning the fraud claim do not satisfy the heightened pleading standard. Further, because Plaintiff has not shown a likelihood of success on the merits as to any of these claims, the Court grants Defendants' Motions to Dismiss Plaintiff's request for injunctive relief.

## I. BACKGROUND

On or about January 27, 2017, Plaintiff filed a Complaint against HSBC and SIWPC in the Circuit Court of Fairfax County, Virginia in the action styled as Case No. CL 2017-01286. (Compl., Dkt. No. 1-1.) The Complaint involves claims stemming from a postponed foreclosure sale of real property located in Northern Virginia (the "Property").[2] (Compl. ¶¶ 23,27.) Within thirty days of being served with the Complaint, HSBC removed the case to this Court on March 20, 2017. (Not. Removal, Dkt. No. 1.) HSBC removed the case to this Court based upon its federal question jurisdiction under 28 U.S.C. § 1331. (*Id.* at 3.)

Plaintiff denies a debt is due based on Defendants purportedly failing to validate the debt pursuant to the FDCPA. (*See* Compl. ¶ 12.) The Complaint alleges that "[o]nce Plaintiff refused to pay, Defendants threatened with acceleration and foreclosure of Plaintiff's Property."

---

[1] The Complaint lists fraud as Count XI, but because the Complaint lists Count XI twice, the Court will refer to the fraud claim as Count XII.
[2] The Complaint states that Plaintiff resides at 2613 Viking Drive in Herndon, Virginia; elsewhere the Complaint states that Plaintiff owns the property located at 6404 Lake Meadow Drive in Burke, Virginia. (*See* Compl. ¶¶ 23, 27.) It appears that the Herndon address is correct and that Plaintiff's use of the Burke address was copied from the complaint in *Osorio v. Bank of America, N.A.*, No. 16-cv-238-GBL-IDD (filed Mar. 4, 2016) or a similar case.

(Compl. ¶ 14.) SIWPC stated, and Plaintiff has not contested, that a foreclosure sale was scheduled for April 3, 2017 but was postponed. (Dkt. No. 11 at 2.)

The Complaint sets forth twelve counts. It appears that much of the Complaint was copied from a different pleading filed in this Court, and therefore some of the information is not relevant to this action—including allegations against "BOA," which appears to be an abbreviation for Bank of America. Plaintiff's Complaint asserts the following counts: (I) declaratory judgment; (II) civil conspiracy; (III) negligence versus SIWPC; (IV) illegal substitution of trustee; (V) failure to provide proof of standing to collect; (VI–XI) violations of the FDCPA; and (XII) fraud.

HSBC filed a Motion to Dismiss on March 27, 2017 (Dkt. No. 3), and SIWPC filed a Motion to Dismiss on April 4, 2017 (Dkt. No. 9). HSBC moves to dismiss primarily based on five grounds. *First*, HSBC argues that the Complaint fails to allege facts with sufficient specificity to inform HSBC of what it is being accused of so that it can respond to the allegations. *Second*, HSBC argues that Plaintiff's "show me the note" claims are contrary to Virginia's non-judicial foreclosure process and caselaw interpreting Virginia law. *Third*, HSBC argues that Plaintiff lacks standing to contest the appointment of a substitute trustee or assignment of the deed of trust because Plaintiff is not a party or beneficiary of those agreements. *Fourth*, HSBC describes why it believes Plaintiff fails to allege a plausible claim— for example, because the allegations do not support each element of the claim, or because the claim is not cognizable. *Fifth*, HSBC argues that Plaintiff is not entitled to injunctive relief because he is unlikely to succeed on the merits. SIWPC moves to dismiss largely based on the same grounds, and SIWPC's brief expressly incorporates the arguments made in HSBC's brief. Both Defendants seek to dismiss Plaintiff's Complaint with prejudice.

Because Plaintiff is proceeding *pro se*, both Defendants filed a notice pursuant to *Roseboro V. Garrison*, 528 F.2d 309 (4th Cir. 1975) and Local Civil Rule 7(K). (*See* HSBC's Roseboro Not., Dkt. No. 3 at 3; SIWPC's Roseboro Not., Dkt. No. 10.) As stated in those notices, Local Civil Rule 7(K) required Plaintiff to file his response within twenty-one days of when Defendants filed the motions to dismiss. More than twenty-one days passed since Defendants moved to dismiss the Complaint, and Plaintiff did not file a response. In addition, Plaintiff did not attend the motion hearing on May 5, 2017, and therefore did not contest Defendants' Motions to Dismiss.

## II. DISCUSSION

### A. Standard of Review

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) should be granted unless the complaint "states a plausible claim for relief" under Rule 8(a). *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "nudge [the] claims across the line from conceivable to plausible." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). In considering a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). No such assumption of truth is afforded to those "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Vitol*, 708 F.3d at 543 (citations omitted). Thus, the court's review involves the separation of factual allegations from legal conclusions. *Burnette v. Fahey*, 698 F.3d 171, 180

(4th Cir. 2012). Although, courts construe *pro se* complaints liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

Apart from the pleading requirement under Rule 8(a), a heightened pleading standard applies to allegations of fraud pursuant to Rule 9(b). Rule 9(b) requires that claimants plead fraud with particularity. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783–84 (4th Cir. 1999). The circumstances required to be alleged with particularity under Rule 9(b) are "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Id.* (citation and internal quotation marks omitted). Failure to plead fraud with Rule 9(b)'s required particularity is treated as a failure to state a claim under Rule 12(b)(6). *Harrison*, 176 F.3d at 783 n.5.

## B. Analysis

The Court grants Defendants' Motions to Dismiss each count in the Complaint because the conclusory allegations concerning nine of the claims fail to satisfy the pleading standard, two of the counts allege claims that are not cognizable, and the allegations concerning the fraud claim do not satisfy the heightened pleading standard.

### 1. Count I: Declaratory Relief

The Court grants Defendants' Motions to Dismiss Plaintiff's claim for declaratory relief because Plaintiff fails to plausibly allege that Defendants lack authority to enforce the note or deed of trust associated with the Property.

An action originally filed under Virginia Code § 8.01-184 is treated by a federal court as though it had been filed under the Declaratory Judgment Act, 28 U.S.C. § 2201. *See Tapia v. U.S. Bank, N.A.*, 718 F. Supp. 2d 689, 695 (E.D. Va. 2010), *aff'd*, 441 F. App'x 166 (4th Cir. 2011); *Chapman v. Clarendon Nat. Ins. Co.*, 299 F. Supp. 2d 559, 563 (E.D. Va. 2004).

5

Pursuant to the Declaratory Judgment Act, in a case of actual controversy within its jurisdiction, a court may declare the rights and other legal relations of any interested party seeking such declaration. 28 U.S.C. § 2201(a).

A "show me the note" claim is one in which a borrower challenges the standing of a party to foreclose on the secured property. *See id.* "Show me the note" claims are contrary to Virginia's non-judicial foreclosure laws, which do not require secured creditors to come before the court to prove their authority to foreclose on secured property. *See* Va. Code Ann. § 55–59(7); *Horvath v. Bank of New York, N.A.*, 641 F.3d 617, 623 n.3 (4th Cir. 2011). Further, courts have repeatedly rejected "standing to foreclose" arguments in a number of suits where "borrowers attempted to avoid and delay foreclosure by attacking their lenders." *Reyes v. Wells Fargo Bank, N.A.*, No. 1:13-cv-547, 2013 WL 3874527, at *2 (E.D. Va. July 24, 2013) (citations omitted). When signing a deed of trust, typically plaintiffs not only acknowledge the lender's right to foreclose, but also the fact that the note is freely transferrable. *See id.* at *2. In Virginia, courts have frequently dismissed challenges to assignments of deeds of trust and substitution of trustee documents on the basis of lack of standing because plaintiffs were not a party to or envisioned beneficiary of the contested document. *See Hardnett v. M&T Bank*, 204 F. Supp. 3d 851, 858 (E.D. Va. 2016); *Bennett v. Bank of Am., N.A.*, No. 3:12-cv-34, 2012 U.S. Dist. LEXIS 54725, 2012 WL 1354546, at *7 (E.D. Va. Apr. 18, 2012).

Here, Plaintiff seeks a declaration that HSBC and SIWPC do not have authority from a secured party to enforce the note or deed of trust. (*See* Compl. ¶¶ 42–48.) Plaintiff is not entitled to a declaratory judgment for two reasons. *First*, Plaintiff's Complaint appears to concede that he has not paid the amount due on his home loan. (*See* Compl. ¶ 14.) Virginia law provides that in the event of default on a deed of trust, the trustee "shall forthwith declare all the

debts and obligations secured by the deed of trust at once due and payable and may take possession of the property and proceed to sell the same at auction" without any need to first seek a court decree. *See Horvath*, 641 F.3d at 623 (quoting Va. Code Ann. § 55-59(7)). *Second*, Plaintiff lacks standing to challenge the assignment of the deed of trust because Plaintiff has not alleged how he is a party to or the envisioned beneficiary of the document. Because Plaintiff is not entitled to declaratory relief, the Court grants Defendants Motions to Dismiss Count I.

*2. Count II: Civil Conspiracy*

The Court grants Defendants' Motions to Dismiss Plaintiff's civil conspiracy claim because the Complaint contains conclusory allegations and fails to sufficiently allege the underlying tort.

"A common law conspiracy consists of two or more persons combined to accomplish, by some concerted action, some criminal or unlawful purpose or some lawful purpose by a criminal or unlawful means." *Commercial Business Sys. v. Bellsouth Servs.*, 453 S.E.2d 261, 267 (Va. 1995)). Mere conclusory language is insufficient to state a cause of action for civil conspiracy under Virginia law. *Lewis v. Gupta*, 54 F. Supp. 2d 611, 618 (E.D. Va. 1999) (citing *Bowman v. State Bank of Keysville*, 331 S.E.2d 797, 802 (Va. 1985). "[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed." *Almy v. Grisham*, 639 S.E.2d 182, 188 (Va. 2007). To state a claim for unjust enrichment, a plaintiff must allege that: (1) he conferred a benefit on the defendant; (2) the defendant knew of the benefit and should reasonably have expected to repay the plaintiff; and (3) the defendant accepted or retained the benefit without paying for its value. *See Schmidt v. Household Fin. Corp., II*, 661 S.E.2d 834, 838 (Va. 2008).

Here, Plaintiff's Complaint alleges that "Defendants BOA [sic] and SIW[PC] engaged in an unlawful combination and conspiracy to collect on the Plaintiff home loan for the purpose of unjustly enriching themselves in violation of the law." (Compl. ¶ 50.) The remaining paragraphs of the civil conspiracy fail to offer additional details. (*See* Compl. ¶¶ 49–53.) Plaintiff fails to state a plausible claim for relief for two reasons. *First*, the allegations concerning civil conspiracy contain nothing more than conclusory language. As stated above, no assumption of truth is afforded to "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Vitol*, 708 F.3d at 543. *Second*, Plaintiff fails to sufficiently allege an underlying unlawful act or unlawful purpose because Plaintiff fails to sufficiently allege how Defendants acted for the purpose of unjustly enriching themselves. Because Plaintiff fails to sufficiently allege a claim for civil conspiracy, the Court grants Defendants' Motions to Dismiss Count II.

*3. Count III: Negligence (Against SIWPC Only)*

The Court grants SIWPC's Motion to Dismiss the negligence claim because Plaintiff does not sufficiently allege that SIWPC breached any of its duties as the trustee.

"The elements of an action in negligence are a legal duty on the part of the defendant, breach of that duty, and a showing that such breach was the proximate cause of injury, resulting in damage to the plaintiff." *Blue Ridge Serv. Corp. of Virginia v. Saxon Shoes, Inc.*, 624 S.E.2d 55, 62 (Va. 2006). "The general rule concerning the position of a trustee under a deed of trust is that the trustee is a fiduciary for both debtor and creditor and must act impartially between them." *Whitlow v. Mountain Trust Bank*, 207 S.E.2d 837, 840 (Va. 1974). "Implicit in this rule is the proposition that a trustee must refrain from placing himself in a position where his personal interest conflicts with the interests of those for whom he acts as fiduciary." *Id.* The Virginia

8

Code provides a second source of SIWPC's legal duties. *See, e.g.*, Va. Code Ann. § 55-59.1 (relating to notice required before sale by trustee), § 55-59.2 (relating to advertisement required before sale by trustee).

Here, Plaintiff's Complaint alleges that SIWPC "owed the duty of impartiality and the ordinary care of a fiduciary to the Plaintiff, but [SIWPC] engaged in collection efforts against the Plaintiff for an alleged default under the Promissory note." (Compl. ¶ 55.) The Complaint further alleges that SIWPC "negligently failed to perform reasonable due diligence" concerning "who had authority to take action under the Deed of Trust." (Compl. ¶ 56.) Plaintiff fails to state a plausible claim for relief for three reasons. *First*, the allegations concerning negligence repeatedly reference "BOA," even though it is not a party to this case. *Second*, even when liberally construing the Complaint, Plaintiff does not allege how SIWPC placed itself in a position where its interest conflicts with the interests of those for whom it acts as a fiduciary. *Third*, Plaintiff does not allege that SIWPC failed to comply with any statutory requirements a trustee must follow—*e.g.*, the requirement to provide notice of a sale. Because Plaintiff fails to sufficiently allege an element of a negligence claim—SIWPC's breach of a legal duty—the Court grants SIWPC's Motion to Dismiss Count III.

### 4. Counts IV and V: Illegal Substitution of Trustee and Failure to Provide Proof of Standing to Collect

The Court grants Defendants' Motions to Dismiss the claim of "illegal substitution of trustee" (Count IV) and "failure to provide proof of standing to collect" (Count V) for two reasons. *First*, those are not cognizable claims. *Second*, for the reasons stated above, Plaintiff lacks standing to challenge the appointment of SIWPC as substitute trustee and the assignment of the deed of trust.

### 5. Counts VI–XI: Violations of the FDCPA

The Court grants Defendants' Motions to Dismiss the FDCPA claims because the Complaint contains only conclusory allegations. Generally, to state a claim under the FDCPA, a plaintiff must allege that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Dikun v. Streich*, 369 F. Supp. 2d 781, 784–85 (E.D. Va. 2005) (citation and internal quotation marks omitted). Here, the paragraphs in the Complaint related to FDCPA claims merely recite the language from the statute and request damages. (*See* Compl. ¶¶ 72–84.) The Complaint provides no information concerning why Defendants should be treated as "debt collectors" for purposes of the FDCPA. The Complaint also does not allege any specific act or omission on the part of any Defendant. Because Plaintiff fails to provide sufficient facts to state a plausible FDCPA claim, the Court grants Defendants' Motions to Dismiss Counts VI–XI.

### 6. Count XII: Fraud

The Court grants Defendants' Motions to Dismiss the fraud claim because the Complaint fails to satisfy the heightened pleading standard for asserting such claim.

To state a claim for fraud under Virginia law, a plaintiff must allege "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *State Farm Mut. Auto. Ins. v. Remley*, 618 S.E.2d 316, 321 (Va. 2005). A fact is material "when it influences a person to enter into a contract, when it deceives him and induces him to act, or when without it the transaction would not have occurred." *Packard Norfolk, Inc. v. Miller*, 95 S.E.2d 207, 211–12 (Va. 1956) (citations omitted). Rule 9(b) requires that plaintiffs plead fraud with

particularity by stating the "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783–84 (4th Cir. 1999). Grouping multiple defendants together in a pleading fails to satisfy the requirement that the who, what, when, where, why, and how, be pled with specificity. *Juntti v. Prudential-Bache Securities, Inc.*, Civ. No. 92–2066, 1993 WL 138523, *2 (4th Cir. 1993) (unpublished); *Iron Workers Local 16 Pension Fund v. Hilb Rogal & Hobbs Co.*, 432 F. Supp. 2d 571, 579 (E.D. Va. 2006). Additionally, a fraud claim cannot be premised "on unfulfilled promises or statements about future events"; a promise to perform an act in the future is not, in a legal sense, a representation as that term is used in the fraud context. *Hazaimeh v. U.S. Bank Nat. Ass'n*, 94 F. Supp. 3d 741, 748 (E.D. Va. 2015).

Here, Plaintiff fails to sufficiently allege a fraud claim for at least two reasons. *First*, the Complaint fails to satisfy the heightened pleading standard because the Complaint groups the Defendants rather than asserts allegations against each Defendant. (*See* Compl. ¶¶ 85–90.) *Second*, the Complaint fails to allege each element of a fraud claim—for example, Plaintiff fails to allege any specific representation that was false, apart from the Complaint's conclusory language. (*See id.*) Because Plaintiff's Complaint does not satisfy the heightened pleading standard for a fraud claim, the Court grants Defendants' Motions to Dismiss Count XII.

*7. Injunctive Relief*

The Court grants Defendants' Motions to Dismiss Plaintiffs' request for injunctive relief because Plaintiff has not shown a likelihood of success on the merits with respect to any of his claims.

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also League of Women Voters of N. Carolina v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). The party seeking a preliminary injunction bears the burden of justifying such relief. *Wagner v. Bd. of Educ.*, 335 F.3d 297, 302 (4th Cir. 2003). Here, at a minimum, Plaintiff fails to satisfy the first factor of the preliminary injunction test because Plaintiff has not established a likelihood of success on the merits with respect to any of his claims. Because Plaintiff does not satisfy the test for injunctive relief, the Court grants Defendants' Motions to Dismiss and denies Plaintiff's request for such relief.

### III. CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motions to Dismiss the counts in the Complaint alleging: (I) declaratory judgment; (II) civil conspiracy; (III) negligence; (IV) illegal substitution of trustee; (V) failure to provide proof of standing to collect; (VI–XI) violations of the FDCPA; and (XII) fraud. Because Plaintiff has not shown a likelihood of success on the merits as to any of these claims, the Court grants Defendants' Motions to Dismiss Plaintiff's request for injunctive relief.

Accordingly, it is hereby

**ORDERED** that Defendant Samuel I. White, P.C.'s Motion to Dismiss (Dkt. No. 9) is **GRANTED**; it is further

**ORDERED** that Defendant HSBC Bank USA, N.A. as Trustee for Wells Fargo Asset Securities Corporation Mortgage Pass-Through Certificates Series 2006-11's Motion to Dismiss (Dkt. No. 3) is **GRANTED**; and it is further

**ORDERED** that Plaintiff Cristian Chistoni's Complaint is **DISMISSED WITH PREJUDICE** because permitting Plaintiff to amend his Complaint would be futile.

**IT IS SO ORDERED.**

ENTERED this 11th day of May, 2017.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia